IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GUY SCHULTZ                                                                                         PLAINTIFF

v.                                              4:09CV00460-WRW

CHARLES WALKER                                                                                 DEFENDANT

## ORDER

Pending is Defendant's Motion in Limine (Doc. No. 12), Plaintiff's Motion in Limine (Doc. No. 15), and Plaintiff's First Supplemental Motion in Limine (Doc. No. 18). During a telephone conference with attorneys for Plaintiff and Defendant held at 10 a.m. on November 18, 2010, I found the following:

1. Defendant requests the exclusion of evidence that a Motion in Limine was filed. GRANTED.

2. Defendant requests the exclusion of evidence or testimony that Defendant was covered by an insurance liability policy at the time of the accident. Plaintiff does not object to excluding evidence of Defendant's insurance coverage. However, this exclusion will not prohibit Plaintiff from asking potential jurors during voir dire if they are employed by or own stock in a company that writes liability insurance policies to determine possible bias or prejudice. GRANTED.

3. Defendant requests the exclusion of any question to a witness that specifically inquires if Defendant Walker "was negligent" in causing the accident. GRANTED.

4. Defendant requests the exclusion of evidence or testimony from the investigating officer about the "contributing factors" described in the accident report. GRANTED.

5. Defendant requests the exclusion of the accident report prepared by the investigating officer. Plaintiff responds that he does not intend to introduce the accident report into evidence, but may use the accident scene diagram included in the report with certain redactions as an exhibit, and may use the report to refresh the investigating officer's memory without referring to the report at trial. Defendant does not object to these uses of the accident report. GRANTED.

6. Defendant requests the exclusion of evidence or testimony that Defendant Walker drank alcohol and smoked marijuana at a party ten days before the accident. GRANTED. However, if Defendant appears to have opened the door on this line of inquiry, Plaintiff may approach the bench to discuss the matter outside of the hearing of the jury.

7. Defendant requests the exclusion of evidence or testimony that Defendant Walker filed an earlier lawsuit against Plaintiff for injuries arising from the accident at issue in this case. Plaintiff withdraws his objections. GRANTED.

8. Defendant requests the exclusion of testimony or evidence that a passenger in Defendant Walker's vehicle, Mr. Loveless, filed a claim with Walker's insurance carrier for injuries arising from the accident. GRANTED. However, if Defendant appears to have opened the door to this line of inquiry at trial, Plaintiff may approach the bench to discuss the matter outside of the hearing of the jury.

9. Plaintiff requests the exclusion of evidence or testimony concerning the bankruptcy of Superior Mats, a dismissed party. GRANTED.

10. Plaintiff withdraws his request to exclude evidence or testimony of Plaintiff's non-relevant medical conditions before the accident. DENIED as moot.

11. Plaintiff requests the exclusion of evidence or testimony about previous automobile accidents that Plaintiff was involved in. Defendant objects that he should be allowed to introduce evidence that Plaintiff sustained an injury that caused lower back pain after an accident in 1998. GRANTED in part and DENIED in part. Defendant may ask Plaintiff about a previous accident that caused lower back pain, but Defendant is not to ask what kind of accident.

12. Plaintiff requests the exclusion of evidence or testimony about compromise settlement negotiations with Defendant. GRANTED.

Accordingly, Defendant's Motion in Limine (Doc. No. 12) is GRANTED. Plaintiff's Motion in Limine (Doc. No. 15) is GRANTED in part and DENIED in part. Plaintiff's First Supplemental Motion in Limine (Doc. No. 18) is GRANTED.

IT IS SO ORDERED this 19th day of November, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE