IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GUY SCHULTZ                                                                                     PLAINTIFF

v.                                              4:09CV00460-BRW

CHARLES WALKER                                                                            DEFENDANT

ORDER

Pending are Defendant's Second Motion in Limine (Doc. No. 20) and the related Motion to Amend the Answer (Doc. No. 35) . Plaintiff has responded,[1] and both parties submitted supplemental briefs.[2] For the reasons that follow, Defendant's Second Motion in Limine and Motion to Amend are GRANTED.

Plaintiff's insurance carrier, Gallagher Basset Services ("Gallagher Bassett"), paid $43,650 to Plaintiff after his tractor-trailer rig was involved in an accident with Defendant. Defendant's liability insurance carrier, State Farm, paid $40,450 to Gallagher Bassett for damage to Plaintiff's tractor-trailer rig. After that payment, Plaintiff claims approximately $50,000 in property damage to the tractor-trailer rig.

Defendant argues that the most Plaintiff should be able to recover for property damages is the difference between the fair market value of the rig at the time of the accident less the $40,450 paid by State Farm to Plaintiff's insurance carrier. In the alternative, Defendant seeks a setoff in the amount of $40,450 to the property damage claim.

Plaintiff claims that he is entitled to the total amount of his property damage because the voluntary-payment rule prevents the Defendant from claiming any benefit or credit for money

---

[1] Doc. No. 29.

[2] Docs. Nos. 36, 37.

paid by State Farm to Gallagher Bassett. Under the voluntary payment rule, "[w]hen one pays money on demand that is not legally enforceable, the payment is deemed voluntary . . . [and] cannot be recovered."[3]

Defendant relies on *Douglas v. Adams Trucking Co., Inc.*, a case that recognizes an exception to the voluntary payment rule where a tortfeasor or its insurance carrier makes payments to the plaintiff in advance of settlement.[4] Although there is little, if any, evidence that the payment from State Farm was preceded by an agreement, it is hard to accept that Defendant's insurance company was making a gratuitous payment to Plaintiff's insurance company. Gallagher Bassett had a right to pursue subrogation against State Farm for the amount it paid to Plaintiff for his property damage; and State Farm obviously paid Gallagher Bassett based on the potential liability of its insured, the Defendant. It seems only fair that even in the absence of a formal agreement the Defendant should be entitled to credit for the amount State Farm paid on his behalf to Plaintiff's carrier.

There is persuasive case law to support a finding that the lack of a formal agreement as to the nature of the payment is not sufficient to deem such payments as voluntary.[5] In a similar case the South Carolina Supreme Court held that a formal agreement is not necessary.[6] It stated "[t]he nonexistence of a receipt delineating the obvious desire to credit the payment against any future

---

[3]*TB of Blytheville v. Little Rock Sign and Emblem, Inc.*, 328 Ark. 688, 693-94 (1997) (quoting *Boswell v. Gillett*, 226 Ark. 935, 940 (1956)).

[4]345 Ark. 203, 211-212 (2001).

[5]*Id.* (citing *Russell v. Asche Brick Co.*, 267 S.C. 640 (1976), *Keating v. Contractors Tire Serv., Inc.*, 428 So.2d 624 (Ala. 1983)).

[6]*Russell*, 267 S.C. 643-44.

2

liability secured on the same claim is without legal significance."[7] In *Keating*, the Alabama Supreme Court reached the same conclusion:

> We find unavailing the argument that the same insurer, in the absence of conduct amounting to waiver or fraud, should pay to the same person the same elements of damage again, merely because the insurer failed to get that person to sign a receipt evidencing an agreement to reduce possible future liability.[8]

Considering that Plaintiff has already been paid approximately 80 percent of the amount of property damage claimed, allowing Defendant an additional $50,000 would result in a near double recovery. Arkansas law does not favor double recoveries.[9] "Double recovery is abhorrent to our laws[,] . . . [w]hile there is a need for individuals to be compensated for a loss, there should not be a recovery greater than the loss."[10]

In addition, allowing the payment as an offset, supports the public policy interest of encouraging settlement. The *Douglas* court recognized that advance payments further the policy of "expediting payment to injured parties prior to and in anticipation of future settlement."[11] "Without question the law favors the amicable settlement of controversies, and because of this, it is the duty of the courts to encourage parties to reach a compromise."[12] Prohibiting an offset in this case would desirable practice of promptly paying injured parties.

Plaintiff also argues that the payments should be excluded under the collateral source rule, which provides that a payment from an outside source, such as an insurance company,

---

[7]*Id*.

[8]*Keating*, 428 So.2d at 627.

[9]*Almond v. Cigna Property and Cas. Ins. Co.*, 322 Ark. 268 (1995).

[10]*Hurst v. Dixon*, 357 Ark. 439, 445 (2004) (Thornton, J., concurring).

[11]*Douglas*, 345 Ark. at 209.

[12]*Id*. at 211.

should not benefit the tortfeasor.[13] The argument is not persuasive. The collateral source rule applies only if the payments are "wholly independent of the tortfeasor."[14] In this case, the payment from Gallagher Basset to Plaintiff would be a payment from a third-party collateral source. However, the payment from State Farm to Gallagher Basset was not from a collateral source, because State Farm is the Defendant's insurance carrier, and its payment to Gallagher Basset was not, therefore, "wholly independent of the tortfeasor."

Defendant's Second Motion in Limine (Doc. No. 20) and Motion to Amend (Doc. No. 35) are GRANTED. Accordingly, any jury award for property damages will be offset by $40,450.

IT IS SO ORDERED this 28th day of February, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[13] *Id*. at 212.

[14] *Id*.